UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DUSTIN CHARLES LEE,

      Plaintiff,

v.

JENNIFER FRANCE, COUNTY
OF CHIPPEWA,

      Defendants.
_____/

Case No. 14-11057
Honorable Thomas L. Ludington

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER AND TRANSFERRING THE CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

On March 11, 2014, Dustin Charles Lee (Lee) filed a complaint against Jennifer France (France) and Chippewa County (the County). Lee claims that France—a public defender employed by the County—was appointed to represent him "for failure to report for a parole appointment," and that she then trumped up charges that he had instead attempted to escape from jail. Pl.'s Compl. ¶¶ 1, 2, 21, ECF No. 1. According to Lee, France "deliberately and/or with gross ignorance obliviously manufactured a false charge against [him] for escaping from jail[,]" and then told him "to plead to it or else he would spend the rest of his life in jail." *Id*. ¶ 2. According to Lee, this advice caused him "to be imprisoned for 9 months at the Ionia Handlon State Prison . . . ." *Id*.

Lee claims that he went to jail "for a crime fabricated by the public defender" because, as it turns out, he was "never in jail"—a necessary predicate before one can attempt an escape. *Id*. ¶ 3. Thus, according to Lee, he was "intentionally deceived by the court appointed public defender into 'confessing' to a crime that was factually impossible . . . ." *Id*. ¶ 6. Lee further

argues that the County is responsible for his woes because it did not provide "France the necessary training, supervision, compensation, and manageable workloads as well as access to expert witnesses and investigators" to ensure that she would not make the mistakes that she did. *Id.* ¶ 37.

Lee's complaint asserts a claim against both France and the County under the Federal Tort Claims Act (FTCA), and he maintains that jurisdiction is appropriate pursuant to 28 U.S.C. §§ 1331 and 1343. *Id.* ¶ 16. Moreover, Lee argues that venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b). *See* Pl.'s Resp. 1, ECF No. 11.

On April 8, 2014, France and the County filed a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer the case under 28 U.S.C. § 1404. They argue that "France is a resident of Chippewa County and is employed in Chippewa County. The allegations that form the basis of Plaintiff's Complaint occurred in Chippewa County." Defs.' Mot. 2, ECF No. 10. Because France and the County are correct, their motion will be granted and Lee's complaint will be transferred to the United States District Court for the Western District of Michigan.

I

Title 28 U.S.C. § 1391 governs "the venue of all civil actions brought in the district courts of the United States." 28 U.S.C. § 1391(a)(1). Under subsection (b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. 1391(b). If a case does not fall within one of these three categories, "venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 577 (2013). After an objection to venue is raised, the plaintiff bears the burden of demonstrating that venue is proper. *See Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974); 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3826 (4th ed. 2013) ("the weight of judicial authority appears to be that when the defendant has made a proper objection, the burden is on the plaintiff to establish that the chosen district is a proper venue.").

Lee responded to France and the County's motion, but he does nothing to indicate that this case satisfies the venue requirements of § 1391(b)(1) or (2). Instead, Lee indicates that "[v]enue may also be proper in more than one judicial district under section 1391[,]" citing vaguely to § 1391(b). But, as outlined above, subsection (b)(3) only allows for an action to be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction" if first "there is no district in which an action may otherwise be brought as provided in this section." In other words, a defendant can bring an action in "more than one judicial district under section 1391" only if subsections § 1391(b)(1) and (2) do not apply. *See Hymed Grp. Corp., Inc. v. Auto Owners Ins. Co.*, No. 12-12519, 2012 WL 6642645, at *4 (E.D. Mich. Dec. 20, 2012) ("The Court need only consider the propriety of venue pursuant to Section 1391(b)(3) if venue would not be proper in any judicial district pursuant to Section 1391(b)(1) or (2)."). Lee jumps over this critical language and proceeds to outline the three considerations for

this Court in "making th[e] decision" whether to grant or deny a motion for transfer of venue under 28 U.S.C. § 1404. *See* Pl.'s Resp. 2.

Notably, Lee's complaint comports with France and the County's suggestion that they do not reside in this judicial District and that the events giving rise to the case did not occur in this District. Indeed, Lee's complaint notes that France is "listed as Deputy Public Defender" for the Chippewa County Public Defender's office, located in Sault Sainte Marie, Michigan (Chippewa County). Pl.'s Compl. ¶ 19. Lee does not list France's address in his complaint, but he does not contest her assertion that she "is a resident of Chippewa County." Defs.' Mot. 2. Lee's complaint also notes that the County "is a rural county located in the Upper Peninsula of Michigan," Pl.'s Compl. ¶ 22, and there can be little doubt that Chippewa County is located in Chippewa County. Chippewa County is a part of the Western District of Michigan, not the Eastern District of Michigan. *See* 28 U.S.C. § 102(b)(2).

Moreover, Lee indicates that "on July 12, 2012," France appeared in Chippewa County Circuit Court for the State of Michigan and entered a plea of guilty to the charges against him, even though—according to Lee, anyway—the charges were factually unsustainable. Although Lee may have "resid[ed] in the Eastern District of Michigan near Bay City[,] Michigan, at the commencement of the case[,]" *see* Pl.'s Resp. 1, it is not his residence, but that of France and the County, that are germane to § 1391(b).

It is relatively clear from Lee's complaint, the Defendants' motion, and his subsequent response that venue is improper in the Eastern District of Michigan. This is not a judicial District where "any defendant resides": both France and the County reside in the Western District of Michigan. This is also not a District "in which a substantial part of the events or omissions giving rise to the claim occurred": those events occurred exclusively in the Western

District of Michigan. Thus, venue is "improper" in this District, and "the case must be dismissed or transferred under § 1406(a)." *Atlantic Marine*, 134 S. Ct. at 577.

France and the County request that the case be transferred "under 28 U.S.C. 1404" if it is not dismissed. However, § 1404 does not apply here. *See* 14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3826 (4th ed. 2013) (indicating that § 1404(a) applies "only if the original federal forum is a proper venue."). Because venue is not proper where this case was originally filed, § 1404 does not apply.

Section 1406 does apply, however, despite the fact that Lee filed his complaint in an improper judicial district. Section 1406(a) indicates that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district of division in which it could have been brought." 28 U.S.C. § 1406(a). Here, the interests of justice weigh in favor of transferring this case to the proper judicial district rather than an outright dismissal. Quite clearly Lee could have originally brought this action in the Western District of Michigan under either § 1391(b)(1) or (2). Moreover, he alleges in his complaint that his claims accrued on July 12, 2012 ("the date of Mr. Lee's concocted plea"). *See* Pl.'s Compl. ¶ 24. Because the FTCA imposes a two-year statute of limitations period, *see Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981); *Bazzo v. United States*, 494 F. App'x 545, 548 (6th Cir. 2012) (Stranch, J., dissenting) (noting "two-year statute of limitations applicable to a case governed by the Federal Tort Claims Act"), dismissing Lee's claims outright could prevent them from being adjudicated on the merits. Under such circumstances, the interests of justice favor transferring the case rather than dismissal. *See Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 n.7 (1965) ("Numerous cases hold that when dismissal of an action for improper venue would terminate rights without a

hearing on the merits because plaintiff's action would be barred by a statute of limitations, 'the interest of justice' requires that the cause be transferred." (collecting cases)).

**II**

Accordingly, it is **ORDERED** that France and the County's motion to dismiss or transfer the case, ECF No. 10, is **GRANTED**.

It is further **ORDERED** that this cause of action is **TRANSFERRED** to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).

Dated: May 6, 2014                                                  s/Thomas L. Ludington
                                                                    THOMAS L. LUDINGTON
                                                                    United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 6, 2014.
                    s/Tracy A. Jacobs
                    TRACY A. JACOBS